IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

GF MACHINING SOLUTIONS S.A. DE C.V.,

    Plaintiff,

CASE NO: 0:23-cv-60970

vs.

CIRCUITRONIX, LLC, a Florida Limited
Liability Company,

    Defendant.

_____/

## COMPLAINT

Plaintiff, GF MACHINING SOLUTIONS S.A. DE C.V. ("Plaintiff"), through counsel, sues Defendant, CIRCUITRONIX, LLC ("Circuitronix" or "Defendant"), and alleges:

## PARTIES

1. Plaintiff is a Mexican company with its principal place of business in Apodaca, Mexico.

2. Circuitronix is a Florida limited liability company with its principal place of business in Broward County, Florida.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds seventy five thousand dollars ($75,000.00), exclusive of interest and costs.

4. Venue is proper in this district under 28 U.S.C. §1391(b)(1) because Defendant maintains its place of business in Broward County, Florida, the parties

283310655v.1

submitted to the jurisdiction of the United States District Court located in Broward County, Florida and Defendant otherwise is within the personal jurisdiction of this Court.

5. Plaintiff has retained the undersigned firm to represent them in this action and have agreed to pay the firm reasonable attorneys' fees.

## FACTUAL BACKGROUND

6. On or about March 23, 2021, Defendant placed a purchase order with Plaintiff for the acquisition of certain goods with the following part numbers: CUTP550, DRILL20, FORMP350, FORME600, HSM500GRAPHITE, MILLP500U, MILLP900PKG1, and VCE1600PRO-10K (the "Machinery"). A true copy of the Circuitronix purchase order #PO010343 is attached hereto as **Exhibit "A"** (the "Purchase Order").

7. In furtherance of Defendant's order of the Machinery, on or about October 11, 2021, Defendant prepared a Sales Contract for Plaintiff's signature, which detailed the terms whereby Plaintiff agreed to sell, and Defendant agreed to buy the Machinery.

8. On or about October 19, 2021, Plaintiff executed the Sales Contract and transmitted it via email to Defendant. A copy of the Sales Contract is attached hereto as **Exhibit "B"** (the "Sales Contract"). The Purchase Order, together with the Sales Contract shall be referred to herein as the "Contract."

9. Pursuant to the Contract, Plaintiff delivered the Machinery to Defendant on March 30, 2022 (the "Delivery Date").

10. The Machinery was received and accepted by Defendant on the Delivery Date.

11.     According to the terms and conditions of the Contract, Defendant was obligated to pay Plaintiff the sum of $1,653,200.00 for the Machinery, which amount was never disputed by Defendant.

12.     In fact, Defendant has made payments to Plaintiff for the Machinery in the total amount of $1,029,420.00. However, to date, $623,780.00 remains unpaid.

13.     Despite accepting the Machinery and the contractual obligation to pay the aforementioned amount, Defendant has failed and refused to make the remaining payment to Plaintiff.

14.     Plaintiff has made numerous demands for the outstanding payment, but Defendant has disregarded its contractual obligations, causing substantial financial harm to Plaintiff.

15.     Plaintiff performed its obligations pursuant to the terms of the Contract.

16.     All conditions precedent to the filing of this action have either been performed or have been waived by the parties.

## COUNT I – BREACH OF CONTRACT

17.     Plaintiff incorporates by reference all the allegations in paragraphs 1 through 16 as though fully stated herein.

18.     The Purchase Order, coupled with the Sales Contract entered into between Plaintiff and Defendant constitutes a valid and enforceable contract.

19.     Pursuant to the Contract, Defendant was obligated to pay Plaintiff the total sum of $1,653,200.00, which was to be paid as follows: 30% of the total purchase price upon issuance of the with Purchase Order, 60% upon delivery of items purchased and the remaining 10% within 60 days after delivery or installation.

20. Defendant accepted the Machinery on the Delivery Date.

21. To date, Defendant has failed to pay the sum of $623,780.00 to Plaintiff for the Machinery.

22. Defendant's failure to make payment as agreed constitutes a material breach of the Contract.

23. Plaintiff has performed all conditions precedent required under the Contract.

24. As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered damages in the amount of $623,780.00, plus interest as allowed by law.

WHEREFORE, for the foregoing reasons, Plaintiff, GF MACHINING SOLUTIONS S.A. DE C.V., requests that this Court enter judgment against Defendant, CIRCUITRONIX, LLC, for damages, pre-judgment and post-judgment interest, and for such other and further relief as this Court deems just and proper.

## COUNT III – QUANTUM MERUIT

25. Plaintiff incorporates by reference all the allegations in paragraphs 1 through 5 and 16 as though fully stated herein.

26. This count for quantum meruit is plead in the alternative.

27. Defendant ordered equipment and goods from Plaintiff.

28. At all times material hereto, representatives for Defendant would pay a fair market value for the equipment and goods provided.

29. Defendant breached its obligations to pay for the full value of the equipment and goods provided by Plaintiff and Plaintiff accordingly has suffered damages as a result thereof.

30. The reasonable value for the equipment and goods provided by Plaintiff to

Defendant is $1,653,200.00.

31. To date, Defendant has only made payments totaling $1,029,420.00 for the equipment and goods provided to it by Plaintiff.

WHEREFORE, for the foregoing reasons, Plaintiff, GF MACHINING SOLUTIONS S.A. DE C.V., requests that this Court enter judgment against Defendant, CIRCUITRONIX, LLC, for damages in the amount of $623,780.00, pre-judgment and post-judgment interest, and for such other and further relief as this Court deems just and proper.

## COUNT IV – UNJUST ENRICHMENT

32. Plaintiff incorporates by reference all the allegations in paragraphs 1 through 5 and 16 as though fully stated herein.

33. This count for unjust enrichment is plead in the alternative.

34. Plaintiff conferred a benefit on Defendant in the form of machinery valued at $1,653,200.00, of which $623,780.00 remains unpaid.

35. Defendant voluntarily accepted and retained the benefit conferred upon it by Plaintiff.

36. The circumstances render Defendant's retention of the benefit inequitable unless Defendant pays to Plaintiff the full value of the benefit.

37. Defendant has been unjustly enriched by retaining the benefit conferred upon by Plaintiff.

38. The retention of the benefit by Defendant without payment of its full value to Plaintiff is against equity and good conscience.

39. Plaintiff is entitled to restitution in the amount of $623,780.00, which

represents the reasonable value of the benefit unjustly retained by Defendant.

WHEREFORE, for the foregoing reasons, Plaintiff, GF MACHINING SOLUTIONS S.A. DE C.V., requests that this Court enter judgment against Defendant, CIRCUITRONIX, LLC, for damages, pre-judgment and post-judgment interest, and for such other and further relief as this Court deems just and proper.

May 24, 2023                                         Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

515 North Flagler Drive Suite P-300
West Palm Beach, FL 33401
Telephone: (561) 345-6810

By: */s/ Constantina Alexandrou Mirabile*
Constantina Alexandrou Mirabile
Florida Bar No.: 90853
constantina.mirabile@wilsonelser.com